**UNITED STATES of America,
Appellee,**

v.

**Joseph SHARPLEY, Defendant–
Appellant.**

**No. 05–6406–CR.**

United States Court of Appeals,
Second Circuit.

May 12, 2006.

Lisa A. Peebles, Assistant Federal Public Defender (Alexander Bunin, Federal Public Defender, Melissa Tuohey, Research & Writing Attorney, on the brief), Office of the Federal Public Defender, Syracuse, NY, for Appellant.

John G. Duncan, Executive Assistant United States Attorney (Glenn T. Suddaby, United States Attorney, Elizabeth S. Riker, Assistant United States Attorney,

on the brief), United States Attorney's Office for the Northern District of New York, Syracuse, NY, for Appellee.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Joseph Sharpley was convicted by a jury of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), possession of a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1), and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1). He appeals his conviction, contending that the District Court erred in denying his motion to suppress physical evidence—namely, a firearm and narcotics—that law enforcement officers obtained when he was arrested. We assume the parties' familiarity with the relevant facts, the issues presented and the procedural history.

On appeal, Sharpley contends that Syracuse Police Officers Nelson Aquino and Jimmy Johnson violated his Fourth Amendment rights when they initiated the encounter with him and his companion and when they pursued him as he fled. We review the District Court's findings of fact for clear error and its application of the law *de novo*. *See United States v. Irving,* 432 F.3d 401, 413 (2d Cir.2005).

■ The District Court's factual findings, which were based on testimony of the officers that the District Court explicitly credited, were not clearly erroneous. In addition, the District Court committed no error in concluding that the officers did not violate Sharpley's Fourth Amendment rights. When the officers first approached Sharpley and his companion, they did not engage in a seizure that implicated the Fourth Amendment because they did not "by means of physical force or show of authority ... in some way restrain[ ] [Sharpley's] liberty." *Florida v. Bostick,* 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) (internal quotation marks omitted). Similarly, when Officer Aquino asked Sharpley to come back as Sharpley walked away, he did not restrain Sharpley's liberty because nothing in the record suggests that the request was coercive. *See United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980) ("Examples of circumstances that might indicate a seizure ... would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or a tone of voice indicating that compliance with the officer's request might be compelled."); *United States v. Lee,* 916 F.2d 814, 819 (2d Cir.1990) ("[A]n individual can be said to have been seized by the police only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." (internal quotation marks omitted)).

■ At the point Sharpley began to run away and the officers gave chase, they were arguably attempting to seize Sharpley, but it was then reasonable to do so because the totality of the circumstances—including the officers' familiarity with the area as a crime-ridden, "open air drug market," Sharpley's continued presence there in the middle of the night as the officers repeatedly passed by on patrol, and his unprovoked flight when the officers approached—provided reasonable suspicion to justify a so-called *Terry* stop, *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *See Illinois v. Wardlow,* 528 U.S. 119, 124-25, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). Shortly thereafter, Officer Aquino witnessed Sharpley

withdraw a silver handgun from his waistband and discard the handgun. At that point, the officers plainly had probable cause to arrest Sharpley. Once they apprehended Sharpley, the officers conducted an appropriate search incident to a lawful arrest, *see, e.g., United States v. Robinson,* 414 U.S. 218, 236, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), recovering from Sharpley's person marijuana and 113 plastic bags containing crack cocaine. We conclude that the conduct of the officers did not violate Sharpley's rights pursuant to the Fourth Amendment. The District Court therefore properly denied Sharpley's suppression motion.

We have considered all of Sharpley's arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.